**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Diego Cruz-Gomez,

             Plaintiff,

    v.

Sheriff Kevin McMahill, et al.,

             Defendants.

Case No. 2:24-cv-00617-JAD-BNW

**ORDER and REPORT and RECOMMENDATION**

Pro se Plaintiff Diego Cruz-Gomez is currently incarcerated at the Clark County Detention Center. Plaintiff submitted an application to proceed *in forma pauperis.* ECF No. 1. His application includes the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, his request to proceed *in forma pauperis* will be granted.

Mr. Cruz-Gomez also submitted a civil rights complaint under 42 U.S.C. § 1983 and a Motion to Amend. ECF Nos. 1-1, 7. The Court grants his Motion to amend the complaint and will, in turn, only screen the amended complaint.

**I.      Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

1    his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.

2    2014) (*quoting Iqbal*, 556 U.S. at 678).

3          In considering whether the complaint is sufficient to state a claim, all allegations of

4    material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

5    *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

6    Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

7    must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

8    544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But

9    unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se

10   plaintiff should be given leave to amend the complaint with notice regarding the complaint's

11   deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

12         "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a

13   right secured by the Constitution or laws of the United States was violated, and (2) that the

14   alleged violation was committed by a person acting under the color of State law." *Benavidez v.*

15   *Cty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing *West v. Atkins*, 487 U.S. 42, 48

16   (1988)).

17   **II.      Screening the Complaint**

18         Mr. Cruz-Gomez alleges that on October 20, 2022, while he was at Sunrise Hospital

19   restrained to a bed, he was interrogated by police officers regarding robbery and grand larceny

20   offenses. He further alleges that Detective Gutierrez, who arrested him, did not read *Miranda*

21   rights to him. It appears Officer Lomaglio, Sergeant Alford, and Detective Grimmett also

22   participated in this un-Mirandized interrogation. Moreover, Mr. Cruz-Gomez alleges he was

23   under the influence of drugs and not coherent. In turn, Mr. Cruz-Gomez explains he incriminated

24   himself.

25         The next day, Detective Gutierrez applied for a search warrant to obtain a buccal swab

26   DNA test from Mr. Cruz-Gomez to test it against any DNA that may be found in the stolen

27   vehicle. But Mr. Cruz-Gomez alleges his DNA sample was impermissibly compared by Forensic

28   Scientist Craig King to a blood sample related to a homicide case. This was impermissible,

1      according to Mr. Cruz-Gones, because the judge authorizing the search warrant only authorized

2      the sample to be compared against DNA found in the stolen vehicle. In turn, Mr. Cruz-Gomez

3      alleges that Detective Gutierrez misled the judge when obtaining the warrant.

4              Moreover, Mr. Cruz-Gomez alleges that on December 15, 2022, Detective Gutierrez

5      perjured himself when testifying before the grand jury that he had Mirandized Mr. Cruz-Gomez.

6              During trial, according to Plaintiff, the prosecution used the confession obtained at the

7      hospital, despite the fact that it had been suppressed.

8              Separately, Mr. Cruz-Gomez also alleges his conditions of confinement between October

9      21, 2022, and March 24, 2024, have been sub-par. He alleges there is mold in the facility and that

10     lights are never turned-off, which causes him sleep-deprivation and mental health problems. In

11     addition, he alleges he must purchase basic hygiene needs (such as a toothbrush and toothpaste)

12     and is forced to wear dirty clothing. He alleges his appearance has prejudiced him during trial.

13             Lastly, Mr. Cruz-Gomez alleges he has not been able to participate in religious classes as

14     a result of being sent to disciplinary housing. He also alleges that the fact that he is subject to strip

15     searches after he attends these classes also interferes with his right to practice his religion safely.

16     These searches have impacted his mental health which, in turn, has also impacted his ability to

17     properly prepare for his criminal case.

18             Mr. Cruz-Gomez names several defendants: Sheriff McMahill, Detective Grimmett,

19     Detective Gutierrez, Officer Vensand, Officer Lomaglio, Sargeant Alford, and Craig King.

20             His §1983 suit asserts a claim under the Fourth Amendment and two claims under the

21     Fifth Amendment. As discussed below, there are other claims he may be attempting to raise as

22     well.

23             **A.  Fourth and Fifth Amendment violations and *Heck* bar**

24             In *Heck v. Humphrey*, the United States Supreme Court held that if a judgment in favor of

25     a plaintiff in a civil-rights action would necessarily imply the invalidity of his conviction or

26     sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction

27     or sentence has been invalidated. *Heck v. Humphrey,* 512 U.S. 477, 86–87 (1994). Thus, the

28

1    relevant question in a § 1983 suit is whether success would "'necessarily imply' or 'demonstrate'

2    the invalidity of the earlier conviction or sentence." *Id*. at 487.

3         Here, it is not clear whether the facts alleged above to support the Fourth and Fifth

4    Amendment claims (the unMirandized and involuntary confession and the warrant obtained by

5    false information) played any role in Mr. Cruz-Gomez's conviction. If so, a judgment in

6    Plaintiff's favor (finding that his Fourth and Fifth Amendment rights were violated) would

7    necessarily imply the invalidity of his conviction. However, Plaintiff has not pled whether his

8    conviction (or sentence) has been reversed or otherwise invalidated. As such, the Court cannot

9    tell if these constitutional claims are barred under *Heck.* If these allegations led to his conviction

10   and his conviction or sentence has not yet been reversed or invalidated, his constitutional claims

11   must be brought pursuant to a writ of habeas corpus under 28 U.S.C. § 2254. *Milewski v. Kohn*,

12   No. 319CV00095MMDWGC, 2019 WL 1117909, at *2 (D. Nev. Mar. 11, 2019).

13        Thus, if Mr. Cruz-Gomez wishes to pursue the Fourth and Fifth Amendment claims, he

14   must either (1) file an amended complaint by August 30, 2024, alleging whether these allegations

15   led to his conviction and, if so, whether his underlying conviction or sentence has been

16   invalidated or reversed; or (2) file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.

17   § 2254 as a separate case and not as part of a civil rights action. *See White v. Lambert*, 370 F.3d

18   1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 880,

19   886 (9th Cir. 2004) (en banc). Section 2254 (b) – (d) outlines the various requirements an

20   individual must exhaust before filing such a petition.

21        **B. <u>Conditions of confinement and interference with religious practices</u>**

22        **i.        Conditions of confinement**

23        Both the Eighth and the Fourteenth Amendments impose duties on prison or jail officials

24   to "provide humane conditions of confinement[,] ... ensure that inmates receive adequate food,

25   clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the[ir] safety.'"

26   *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). In the case of a person who is

27   convicted and awaiting sentencing, the Eighth Amendment supplies the relevant standard. *See*

28   *Vazquez v. County of Kern*, 949 F.3d 1153, 1163 (9th Cir. 2020). The claims of pretrial detainees,

1  "are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth

2  Amendment." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

3        Here, Plaintiff alleges facts to support a claim regarding his condition of confinement. But

4  it is not clear whether he is doing so under the Eighth or Fourteenth Amendment given he has not

5  stated whether he is a pretrial detainee or whether he has been convicted. Moreover, it is not clear

6  who are the Defendants he wishes to name in connection with this claim. As a result, the Court

7  recommends that this claim be dismissed without prejudice but (as explained below) without

8  leave to amend as part of this case.

9        **ii.     Religious freedom**

10        The First Amendment to the United States Constitution provides that Congress shall make

11  no law respecting the establishment of religion or prohibiting the free exercise thereof. U.S.

12  Const. amend. I. The United States Supreme Court has held that inmates retain protections

13  afforded by the First Amendment "including its directive that no law shall prohibit the free

14  exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). "In general, a

15  plaintiff will have stated a free exercise claim if: (1) 'the claimant's proffered belief [is] sincerely

16  held; and (2) 'the claim [is] rooted in religious belief, not in purely secular philosophical

17  concerns.'" *Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015).

18        Here, Plaintiff could strengthen the factual basis supporting this claim, but could easily

19  plead facts to support a claim under the First Amendment. But much like the claim above, it is not

20  clear who are the Defendants he wishes to name in connection with this claim. As a result, the

21  Court recommends that this claim be dismissed without prejudice but (as explained below)

22  without leave to amend as part of this case.

23        **iii.    Raising multiple unrelated claims in a single lawsuit**

24        The Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims

25  involving different defendants in a single action. A basic lawsuit is a single claim against a single

26  defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the

27  lawsuit when those claims are against the same defendant. Federal Rule of Civil Procedure 20(a)

28  allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the

1    "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P.

2    20(a)(2)(A). "However, unrelated claims that involve different defendants must be brought in

3    separate lawsuits." *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at \*2

4    (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). This rule is

5    intended to avoid confusion, which arises out of bloated lawsuits.

6         In addition, in the context of a prisoner's suit in federal court, proposed amended

7    complaints must be viewed in light of the restrictions imposed by 28 U.S.C. § 1915, as amended

8    by the PLRA. See *Bejaran v. Lueth*, No. 2:08-cv-000817 DAE, 2010 WL 1444591, at \*1, 2010

9    U.S. Dist. LEXIS 46312, at \*3–4 (E.D. Cal. Apr. 12, 2010). The PLRA's restrictions on prisoner

10    suits include: full payment of the filing fee through partial payments (28 U.S.C. § 1915(b)(1)–

11    (2)); review and summary disposition of any claim or action that is frivolous, malicious, fails to

12    state a claim upon which relief can be granted, or seeks relief against persons immune from such

13    relief (*id.* at § 1915(e)(2)(B)(ii)–(iii)); the "three strikes" provision that prevents a prisoner from

14    proceeding in forma pauperis if the prisoner has had at least three federal cases dismissed as

15    frivolous, malicious, or stating no claim for relief (*id.* at § 1915(g)); and administrative

16    exhaustion of all claims (42 U.S.C. § 1997e(a)).

17         Here, allowing Plaintiff to add unrelated claims against unrelated Defendants to this

18    lawsuit improperly would circumvent the restrictions of the PLRA. *See, e.g.*, *Evans v. Deacon*,

19    No. 3:11-cv-00272-ST, 2016 WL 591758 at \*6 (D. Or. Feb. 12, 2016) (denying plaintiff's request

20    to amend his complaint to add "unrelated claims" against "new, unrelated defendants" because

21    "[t]o permit him to do so would allow him to avoid paying the filing fees required for separate

22    actions, and could also allow him to circumvent the three strikes provision for any new and

23    unrelated claims that might be found to be a 'strike' under § 1915(g)"). As a result, Mr. Cruz-

24    Gomez may raise these claims in a separate civil action.

25    **III.    Conclusion**

26         **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma*

27    *pauperis* (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action to its

28    conclusion without the necessity of prepayment of any additional fees or costs. This order

1  granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at the

2  government's expense.

3       **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the

4  Prisoner Litigation Reform Act, the Clark County Detention Center shall pay to the Clerk of the

5  United States District Court, District of Nevada, 20% of the preceding month's deposits to the

6  account of Diego Cruz-Gomez, # 8525197 (in months that the account exceeds $10.00) until the

7  full filing fee has been paid for this action. The Clerk shall send a copy of this order to the person

8  in charge at 330 Casino Center Blvd., Las Vegas, NV 89101.

9       **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise

10  unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the

11  Prisoner Litigation Reform Act.

12       **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (ECF No. 7 is

13  **GRANTED**.

14       **IT IS FURTHER RECOMMENDED** that Plaintiff's amended complaint (ECF No. 7)

15  be dismissed without prejudice.

16       **IT IS FURTHER RECOMMENDED** that if Plaintiff wishes to file a second amended

17  complaint in this case in relation to his Fourth and Fifth Amendment claims, he must do so by

18  September 2, 2024. In his second amended complaint, he must state whether the

19  allegations comprising these claims have resulted in a conviction and, if so, whether his

20  underlying conviction or sentence has been reversed or invalidated. Plaintiff is advised that if he

21  files a second amended complaint, the amended complaint (ECF No. 7) no longer serves any

22  function in this case. As such, the second amended complaint must be complete in and of

23  itself without reference to prior pleadings or other documents. The Court cannot refer to a

24  prior pleading or other documents to make Plaintiff's amended complaint complete. Failure to

25  comply with this order will result in a recommendation that this case be dismissed.

26       **IT IS FURTHER ORDERED** that the Clerk of the Court shall send Plaintiff copies of an

27  *in forma pauperis* application for a prisoner, instructions for the same, a blank 28 U.S.C. § 2254

28  habeas corpus form, and instructions for the same in the event Plaintiff wishes to file a habeas

corpus claim instead in relation to the Fourth and Fifth Amendment violations. If Plaintiff chooses to file a habeas corpus petition and an *in forma pauperis* application, he must do so in a new case.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims concerning conditions of confinement and interference with his exercise of religion be dismissed without prejudice but without leave to amend and that Plaintiff be directed to file a separate lawsuit if he wishes to pursue those claims.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 1, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE