# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Diego Cruz-Gomez, | Case No.: 2:24-cv-00617-JAD-BNW |
| Plaintiff | |
| v. | **Order Overruling Objections to Report and Recommendation and Referring Second-Amended Complaint to the Magistrate Judge for Screening** |
| Kevin McMahill et al., | |
| Defendants | [ECF Nos. 9, 11] |

Nevada inmate and pro se plaintiff Diego Cruz-Gomez sues Clark County Sheriff Kevin McMahill, several detectives and a forensic scientist with the Las Vegas Metro Police Department, and Governor Joseph Lombardo under 42 U.S.C. § 1983, alleging that they violated his rights under the First, Fourth, Fifth, and Eighth Amendments both before and after his incarceration.[1]  According to Cruz-Gomez, he was not informed of his *Miranda* rights before incriminating himself, and his DNA sample was impermissibly obtained without a showing of probable cause.[2]  He further alleges that, while incarcerated, he has not been allowed to participate in religious classes and that his conditions of confinement have been subpar, causing him prejudice at trial.[3]  He seeks only punitive damages for these alleged constitutional violations.[4]

Magistrate Judge Brenda Weksler screened Cruz-Gomez's first-amended complaint and recommends that it be dismissed.  She found that several of Cruz-Gomez's claims appear to

---

[1] ECF No. 7.

[2] ECF No. 7-1 at 3–5.

[3] *Id.*

[4] *Id.* at 6.

improperly involve unrelated claims against unrelated defendants.  And she concluded that some of his claims may be barred, depending on the status of any conviction that may have resulted from that case.  Cruz-Gomez objects.[5]  He contends that his claims are not barred because he would "have to be judged and sentenced in order for a reversal of conviction to be made" and, because he has not been sentenced, *Heck v. Humphrey* does not bar his claims.[6]  But the relevant question in a § 1983 suit is whether a judgment in favor of the plaintiff would imply the invalidity of his conviction or sentence.  Cruz-Gomez has not provided enough information in his complaint for such a determination to be made, so I overrule his objection.

With respect to Cruz-Gomez's claims concerning his confinement conditions, Magistrate Judge Weksler recommends that they be dismissed without prejudice because it is not clear which defendants he wishes to name in connection with these claims and without leave to amend.[7]  Cruz-Gomez objects that "all stem from the same situation," so the claims and defendants listed in his complaint are not unrelated.[8]  But the Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action, and while all of Cruz-Gomez's allegations may have occurred at around the same time, they involve materially different circumstances.  So, I overrule this objection, too.

Judge Weksler also recommended that Cruz-Gomez file a second-amended complaint to state those claims by September 2, 2024, if his conviction has been invalidated or overturned.  If it hasn't, she recommends that these claims be dismissed so that Cruz-Gomez can assert his arguments in a habeas corpus petition.  In an apparent attempt to follow that recommendation,

---

[5] ECF No. 13.

[6] *Id.* at 2.

[7] *Id.* at 4–6.

[8] *Id.*

1  Cruz Gomez filed a motion to amend his complaint with a proposed amended complaint on

2  August 30, 2024.[9]  Although the magistrate judge denied that motion because Cruz-Gomez

3  already had leave to amend and didn't require further leave,[10] I direct the Clerk of Court to file

4  that proposed amended complaint (ECF No. 17-1) as a separate docket entry, and I refer that

5  second-amended complaint to the magistrate judge for screening.

6  **Background**

7         Cruz-Gomez alleges that, while restrained to a bed at Sunrise Hospital and Medical

8  Center, he was interrogated by police officers about robbery and grand-larceny offenses and

9  informed that he was under arrest.[11]  He further alleges that the officers who effectuated his

10  arrest did not inform him of his *Miranda* rights and instead "coerce[d] him into incriminating

11  himself."[12]  He claims that this confession was improperly presented at his state-court trial.[13]

12         A day after Cruz-Gomez's arrest, one of the arresting officers, Detective Edwin

13  Gutierrez, applied for a search warrant to obtain a buccal swab from Cruz-Gomez to test his

14  DNA against DNA that was believed to be found in a stolen vehicle.[14]  Cruz-Gomez alleges that

15  his DNA sample was impermissibly compared to a blood sample related to a homicide case by a

16  forensic scientist employed by the Las Vegas Metro Police Department.[15]  According to Cruz-

17

18

19  _____

20  [9] ECF No. 17-1.

    [10] ECF No. 18.

21  [11] ECF No. 7-1 at 4.

    [12] *Id.*

22  [13] *Id.*

23  [14] *Id.* at 5.

    [15] *Id.*

3

1  Gomez, Detective Gutierrez impermissibly obtained a warrant for the buccal swab by misleading

2  the judge regarding its purpose.[16]

3         Cruz-Gomez also alleges that his conditions while detained at the Clark County

4  Detention Center (CCDC) violated his constitutional rights.[17]  He describes "filthy cells that are

5  mold infested" and the facility's failure to comply with standard operating procedures.[18]  He

6  claims that the facility would not provide him basic hygiene products, refused to clean his

7  clothes, and rejected his requests for the lights in his cell to be turned off, causing him sleep

8  deprivation and mental-health problems.[19]  These conditions affected his appearance, Cruz-

9  Gomez alleges, causing him prejudice during his trial.[20]  He further claims that, after being sent

10  to disciplinary housing at CCDC, he could not attend religious classes, and even when he was

11  able to attend, the required strip search after the classes "ma[de] [him] feel like [he] can't

12  practice [his] religion safely."[21]

13         Magistrate Judge Weksler recommends that Cruz-Gomez's amended complaint be

14  dismissed without prejudice and that Cruz-Gomez file a second-amended complaint that states

15  "whether the allegations comprising those claims have resulted in a conviction and, if so,

16  whether his underlying conviction or sentence has been reversed or invalidated," to support his

17  Fourth and Fifth Amendment claims. [22]  Judge Weksler also recommends that Cruz-Gomez be

18

19  _____

    [16] *Id.*

20  [17] *Id.* at 7.

21  [18] *Id.*

    [19] *Id.*

22  [20] *Id.*

23  [21] *Id.*

    [22] *Id.* at 8.

1 directed to file a separate lawsuit concerning conditions of confinement and interference with his

2 exercise of religion if he wishes to pursue those claims because "unrelated claims that involve

3 different defendants must be brought in separate lawsuits," and those claims are unrelated to his

4 Fourth and Fifth Amendment ones.[23]

5 **Discussion**

6 **A.    Standards of review**

7        When a party objects to a magistrate judge's report and recommendation on a dispositive

8 issue, the district court must conduct a de novo review of the challenged findings and

9 recommendations.[24]  The district judge "may accept, reject, or modify, in whole or in part, the

10 findings or recommendations made by the magistrate judge," "receive further evidence," or

11 "recommit the matter to the magistrate judge with instructions."[25]  The standard of review

12 applied to the unobjected-to portions of the report and recommendation is left to the district

13 judge's discretion.[26]

14        Because Cruz-Gomez is proceeding *in forma pauperis*, the court must review his

15 complaint to identify any cognizable claims and dismiss any claims that are frivolous, malicious,

16 fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant

17 who is immune from such relief.[27]  To state a claim under 42 U.S.C. § 1983, a plaintiff must

18

19 ───────────────

[23] *Id.*

20 [24] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district

21 judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

22 [25] 28 U.S.C. § 636(b)(1).

[26] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003).

23 [27] *See* 28 U.S.C. § 1915(e) ("The court may request an attorney to represent any person unable to afford counsel.").

allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States and (2) that the alleged violation was committed by a person acting under color of state law.[28]  Pro se pleadings, however, must be liberally construed.[29]

**B.    Cruz-Gomez's objections**

   *1.    Claims implicating an underlying criminal proceeding*

   The magistrate judge recommends that I dismiss Cruz-Gomez's Fourth and Fifth Amendment claims with leave to amend because it is unclear if those claims are barred by *Heck v. Humphrey*.[30]  Cruz-Gomez objects, arguing that, for these claims to be barred under *Heck*, he "would have to be judged and sentenced."[31]  He suggests that he's been convicted but that his sentencing date has been "cancelled."[32]  Under the Supreme Court's decision in *Heck v. Humphrey*,[33] a prisoner cannot use § 1983 to obtain damages or other relief where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence.[34]  In other words, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which § 1983 damages are sought, the § 1983 action must be dismissed."[35]  But a § 1983 action should be allowed to proceed if success on the merits will not necessarily invalidate a conviction against the plaintiff.[36]

---

[28] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[29] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[30] ECF No. 9 at 4.

[31] ECF No. 13 at 2.

[32] *Id.*

[33] *Heck v. Humphrey*, 512 U.S. 477, 484 (1994).

[34] *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

[35] *Smithhart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

[36] *Heck*, 512 U.S. at 487.

Here, it is unclear from the face of his complaint whether Cruz-Gomez's § 1983 action, if successful, would imply the invalidity of a conviction or sentence. The magistrate judge reasoned that, because it is not clear from Cruz-Gomez's complaint whether the facts alleged to support the Fourth and Fifth Amendment claims "played any role in [ ] Cruz[-]Gomez's conviction," these claims may be *Heck*-barred.[37] She recommends that Cruz-Gomez file a second-amended complaint stating whether the allegations comprising his Fourth and Fifth Amendment claims resulted in a conviction and, if so, whether it has been invalidated.[38]

Cruz-Gomez's arguments about his conviction and sentence do not correct the deficiency identified in Judge Weksler's order. To successfully bring claims concerning actions that implicate an underlying criminal proceeding, a plaintiff must show that he was acquitted at that proceeding or that his conviction was somehow invalidated.[39] The court cannot determine the status of his criminal case based on the information Cruz-Gomez provided in his first-amended complaint. Because I agree that, at this point, Cruz-Gomez has not sufficiently alleged whether he was convicted in the underlying proceeding, or whether his *Miranda* or DNA allegations relate to that proceeding, his objections with respect to these claims are overruled.

### 2.    *Raising multiple unrelated claims*

Cruz-Gomez also criticizes the magistrate judge's finding that he must file a separate lawsuit if he wishes to pursue claims concerning the conditions of his confinement and interference with his exercise of religion.[40] Judge Weksler found that Cruz-Gomez cannot raise

---

[37] ECF No. 9 at 4.

[38] *Id.*

[39] *Heck*, 512 U.S. at 477 ("A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.").

[40] ECF No. 11 at 2.

all of his claims in the same lawsuit because the Federal Rules of Civil Procedure do not allow litigants to raise unrelated claims involving different defendants in a single action.[41]  Cruz-Gomez disagrees, arguing that all these claims "stem from the same situation" and the defendants are not unrelated because they "all work for the same employer."[42]

The Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when those claims are against the same defendant. And Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit when the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences."[43]  "However, unrelated claims that involve different defendants must be brought in separate lawsuits."[44]

For Cruz-Gomez, these standards mean that he may not include different claims in the same lawsuit merely because they concern his arrest and subsequent incarceration.  It seems clear from the complaint that Cruz-Gomez has brought unrelated claims in the same lawsuit. Some claims are clearly aimed toward actions taken in a criminal investigation leading to his criminal trial.[45]  Others relate to issues he's faced while incarcerated.[46]  While he may be incarcerated as a result of that criminal trial, his claims involve different actions by different

---

[41] ECF No. 9 at 5.

[42] ECF No. 11 at 2.

[43] Fed. R. Civ. P. 20(a)(2)(A).

[44] *Bryant v. Romero*, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). If Cruz-Gomez needs to file multiple lawsuits to comply with this rule, he may do so by filing a new application to proceed *in forma pauperis* and a new complaint for each case.

[45] ECF No. 7-1 at 4–6.

[46] *Id.* at 7–8.

1 | defendants in different institutions.  There is also no indication that these unrelated claims

2 | involve any of the same defendants.

3 |    Cruz-Gomez's first-amended complaint therefore does not comply with Rule 18 and Rule

4 | 20.  As a result, as the magistrate judge described, he may have to pursue claims in multiple

5 | lawsuits.  While Cruz-Gomez may raise these claims in a separate civil action, because his latest

6 | amended complaint runs afoul of the Federal Rules of Civil Procedure, I overrule his related

7 | objections.  So I adopt the R&R in full.  But, since Cruz-Gomez has filed a second-amended

8 | complaint, I refer that complaint to the magistrate judge for screening.

9 | **Conclusion**

10 |    IT IS THEREFORE ORDERED that Diego Cruz-Gomez's objections **[ECF No. 13] are**

11 | **OVERRULED** and the Magistrate Judge's Report and Recommendation **[ECF No. 9] is**

12 | **ADOPTED** in full.  Cruz-Gomez's amended complaint [7-1] is DISMISSED with leave to

13 | amend, and this court deems his second amended complaint at ECF No. 17-1 as that timely

14 | amendment, so NO FURTHER AMENDMENT is permitted or necessary at this time.

15 |    IT IS FURTHER ORDERED that the Clerk of Court is directed to detach and **FILE the**

16 | **second-amended complaint [ECF No. 17-1] as a separate docket item**, and that second-

17 | amended complaint is referred to the magistrate judge for screening under 28 U.S.C. § 1915.

18 | Cruz-Gomez is cautioned that screening may take several months.

19 |

20 |                  U.S. District Judge Jennifer A. Dorsey
                 November 19, 2024

21 |

22 |

23 |