**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Diego Cruz-Gomez,

           Plaintiff,

    v.

Sheriff Kevin McMahill, et al.,

           Defendants.

Case No. 2:24-cv-00617-JAD-BNW

**ORDER and REPORT and RECOMMENDATION**

This Court screened pro se plaintiff Diego Cruz-Gomez's amended complaint on August 1, 2024. ECF No. 9. In that Report and Recommendation, this Court recommended that his claims under the Fourth and Fifth Amendment be dismissed with leave to amend to allow plaintiff to clarify whether these allegations had led to a conviction and, if so, whether the conviction had been set aside. *Id*. This Court also recommended that the claims related to conditions of confinement be raised in a separate lawsuit. *Id*. Mr. Cruz-Gomez objected to that recommendation. ECF No. 13. The district judge overruled the objections. ECF No. 19. The Court now screens plaintiff's second amended complaint.

## I. Screening Standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    Factual Allegations

### A.  Claim No. 1

The title of Mr. Cruz-Gomez's first claim suggests a claim under the Fourth Amendment based on the use of excessive force. But the facts supporting the claim make no mention of any force. Instead, Mr. Cruz-Gomez alleges that on October 21, 2022, Officer Gutierrez mislead Judge De la Garza when obtaining a warrant for Mr. Cruz-Gomez's DNA. He explains that the warrant affidavit stated the DNA would be used in connection to a robbery case but was instead used in an unrelated homicide case. In addition, he alleges there was no probable cause to obtain the warrant in the first place. Lastly, he contends "Craig King, Detective Gutierrez, and Detective Vensand all conspired to violate my due process and obstruct justice."

### B.  Claim No. 2

In similar fashion, the title of his second claim also suggests an excessive force claim by incorrectly stating such conduct is prohibited under the Fifth Amendment. But again, the facts

supporting the claim do not suggest the use of force at all. Instead, he alleges that while at Sunrise Hospital, Detective Gutierrez interrogated him. He alleges he was never provided *Miranda* warnings prior to the interrogation and that he was also incoherent. In turn, he contends that Detective Gutierrez obtained a coerced confession. Moreover, he maintains that Detective Gutierrez tampered with the taped confession to make it seem like Mr. Cruz-Gomez had been provided *Miranda* warnings. He explains that the confession was suppressed and was not used to obtain a conviction. But the tampered recording was used before the grand jury, causing him "to get indicted, but not convicted." In turn, he claims this constitutes "malicious prosecution."

**C.  Claim No. 3**

In this same vein, Mr. Cruz-Gomez's third claim attempts to assert a claim based on the use of excessive force by incorrectly stating it violates the Fifth Amendment. But, again, the facts in support of this claim do not mention the use of force. Instead, Mr. Cruz-Gomez alleges that on October 20, 2022, he was restrained to a bed at Summerlin Hospital (prior to being transported to Sunrise Hospital). Mr. Cruz-Gomez alleges he was under the influence and incoherent and that a confession was obtained by way of coercion. He explains that the confession was used at trial (even though it was suppressed) but that it "did not directly cause Mr. Cruz-Gomez conviction at his murder trial, it's just simply bad police misconduct that needs to be checked."

***

Mr. Cruz-Gomez names several defendants: Detective Vensand, Detective Gutierrez, Detective Grimmett, Craig King, and Officer Lomaglio. His §1983 suit asserts a claim under the Fourth and Fifth Amendment. As discussed below, there are other claims he may be attempting to raise as well. He seeks punitive damages of $250,000 per defendant.

**III.  Analysis**

At the outset, there are no facts to suggest that excessive force was used. As a result, the excessive force claim under the Fourth Amendment is dismissed with leave to amend. In this same vein, there are no facts suggesting the involvement of Detective Vensand or Craig King. The only allegation in connection with Detective Vensand is a conclusory sentence that he conspired with others to violate his due process and obstruct justice, which is insufficient to state

a claim.[1] *Iqbal*, 556 U.S. at 678–83. As to Craig King, he is not mentioned at all in the body of the complaint. As a result, these defendants are dismissed with leave to amend.

**A. Claim 1**

Mr. Cruz-Gomez alleges there was no probable cause to obtain his DNA in connection with the robbery or homicide case. Mr. Cruz-Gomez further alleges the DNA evidence was used in connection to the homicide case. Lastly, he contends that three officers conspired to "to violate [his] due process and obstruct justice." This Court interprets these allegations as an attempt to assert two different claims: (1) illegal search under the Fourth Amendment and (2) conspiracy to violate constitutional rights.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and requires that a warrant sanctioning a search or seizure be supported by probable cause. U.S. Const. Amend. 4.

"To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). "[A] plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights." *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002). In addition, a plaintiff must show that an "actual deprivation of his constitutional rights resulted from the alleged conspiracy." *Hart v. Parks*, 450 F.3d 1059, 1071–72 (9th Cir. 2006) (quoting *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989)).

Here, Mr. Cruz-Gomez alleges his DNA was obtained without probable cause. But as explained in previous orders, a civil action "is barred if success in the action would 'necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'" *Lemos v. County of Sonoma*, 40 F.4th 1002, 1005 (9th Cir. 2022) (en banc) (quoting *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* bars a civil action when the plaintiff's "criminal conviction is

[1] Moreover, as explained in more detail below, the §1983 conspiracy claim is barred under *Heck*.

fundamentally inconsistent with the unlawful behavior" for which damages are sought. *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc). To put it another way, *Heck* bars a civil claim if the plaintiff's success on that claim "would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. As a result, before a plaintiff may pursue an action in which the claim arose from "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid," the plaintiff must first prove he had his conviction vacated or otherwise favorably terminated. *Id*. at 486-87. Given Mr. Cruz-Gomez alleges the DNA *was used* in connection with his homicide case, the homicide conviction would be "fundamentally inconsistent with the unlawful behavior." Given the above, the conspiracy claim would also fail. As a result, this Court recommends that the illegal search claim under the Fourth Amendment and the 1983 conspiracy claim be dismissed without leave to amend as barred under *Heck*.

**B. Claim 2**

Mr. Cruz-Gomez alleges that Detective Gutierrez obtained a coerced confession while at Sunrise Hospital and that he also tampered with the taped confession to make it seem like *Miranda* warnings had been administered prior to the interrogation. Mr. Cruz-Gomez states the confession was suppressed and, thus, not used to obtain a conviction. Nevertheless, he alleges it was used before the grand jury to obtain an indictment. This Court interprets these allegations as an attempt to raise (1) a coerced confession claim under the Fifth Amendment claim and (2) a fabrication of evidence claim under the Fourteenth Amendment.

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Using a coerced confession against the accused in a criminal proceeding implicates this Fifth Amendment privilege. *E.g.*, *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 427–29 (9th Cir. 2010). Mr. Cruz-Gomez has sufficiently alleged that Detective Gutierrez obtained a coerced confession and that it was used in a criminal proceeding to obtain an indictment. As a result, this claim may proceed against Detective Gutierrez.

The Fourteenth Amendment prohibits the deliberate fabrication of evidence by a state official. *Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017). To prevail on a § 1983 claim of

deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty. *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010). Here, Mr. Cruz-Gomez sufficiently alleges that Detective Gutierrez fabricated evidence by using a tampered tape that made it seem as if *Miranda* warnings had been administered and that, in turn, an indictment issued resulting in trial.[2] As a result, this claim may proceed against Detective Gutierrez.

### C. Claim 3

Mr. Cruz-Gomez alleges that Detectives Lomaglio and Grimmett interrogated him regarding a homicide while he was at the Summerlin Hospital. He alleges he was under the influence and incoherent and, as a result, the confession was obtained by way of coercion. He also stated the confession was used at trial (even though it was suppressed) but that it "did not directly cause Mr. Cruz-Gomez conviction at his murder trial, it's just simply bad police misconduct that needs to be checked." This Court interprets these allegations as an attempt to assert a coerced confession claim under the Fifth Amendment.

As explained above, using a coerced confession against the accused in a criminal proceeding implicates this Fifth Amendment privilege. *Crowe*, 608 F.3d at 427–29. Mr. Cruz-Gomez has sufficiently alleged that Detectives Lomaglio and Grimmett obtained a coerced confession and that it was used at trial.[3]  As a result, this claim may proceed against Detectives Lomaglio and Grimmett.

### IV.    Conclusion

**IT IS ORDERED** that the excessive force claim under the Fourth Amendment is dismissed with leave to amend.

**IT IS FURTHER ORDERED** that Defendants Vensand and Craig King are dismissed with leave to amend.

---

[2] Mr. Cruz-Gomez alleges that this confession was not used at trial, therefore *Heck* does not appear to be implicated.
[3] Mr. Cruz-Gomez alleges the confession was suppressed but still used at trial. Nevertheless, he alleges the confession did not "directly cause" the conviction. This Court liberally interprets this to mean that the confession was used as impeachment evidence and not substantively. And that, given the lack of substantive weight, it could not be used as evidence to convict him at trial. Under this interpretation, *Heck* would not bar this claim.

**IT IS RECOMMENDED** that the illegal search claim under the Fourth Amendment be dismissed without leave to amend.

**IT IS FURTHER RECOMMENDED** that the § 1983 conspiracy claim be dismissed without leave to amend.

**IT IS FURTHER ORDERED** that the coerced confession claim under the Fifth Amendment may proceed against Defendant Gutierrez.

**IT IS FURTHER ORDERED** that the fabrication of evidence claim under the Fourteenth Amendment may proceed against Defendant Gutierrez.

**IT IS FURTHER ORDERED** the coerced confession claim under the Fifth Amendment may proceed against Defendants Lomaglio and Grimmett.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file a third amended complaint in this case to add a use of excessive force claim, he must do so by **May 5, 2025**. Plaintiff is advised that if he files a third amended complaint, the amended complaint (ECF No. 20) no longer serves any function in this case. As such, the third amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

## V.    Service instructions

**IT IS ORDERED** that the Clerk of Court is kindly directed to issue summonses to: (1) METRO Detective Gutierrez, (2) METRO Detective Grimmett, and (3) METRO Detective Lomaglio.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to deliver the summonses and 3 copies of the second amended complaint filed at ECF No. 20 to the United States Marshals Service ("USMS") for service.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff 3 copies of Form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff must complete a USM-285 form for each Defendant against whom Plaintiff's claims are proceeding and provide an address where each Defendant can be served with process. Once completed, Plaintiff must provide the completed

USM-285 forms to the U.S. Marshals Service. Plaintiff shall have until May 5, 2025, to furnish the U.S. Marshals Service with the required form.

**IT IS FURTHER ORDERED** that upon receipt of the issued summonses, the USM-285 forms, and the copies of the operative complaint—and pursuant to Federal Rule of Civil Procedure 4(c)(3)—the U.S. Marshals Service shall attempt service upon the Defendants.

**IT IS FURTHER ORDERED** that, within twenty-one days after receiving from the U.S. Marshals Service a copy of the form USM-285 showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the Defendants were served. If Plaintiff wishes to have service again attempted on a Defendant, he must file a motion with the Court identifying the Defendant and specifying a more detailed name and/or address for that Defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **July 2, 2025**, to accomplish service on Defendants under Federal Rule of Civil Procedure 4(m).

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon the Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that fails to include a certificate of service.

/ / /

/ / /

/ / /

**Notice**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 3, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE