UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Diego Cruz-Gomez,<br><br>　　　　Plaintiff<br><br>　v.<br><br>Sheriff Kevin McMahill, et al.,<br><br>　　　　Defendants | Case No. 2:24-cv-00617-JAD-BNW<br><br>**ORDER ADOPTING<br>REPORT &<br>RECOMMENDATION**<br><br>ECF No. 29, 30, 37 |

On 6/23/25, the magistrate judge entered this report and recommendation [ECF No. 37]:

    This Court previously screened Plaintiff's second amended complaint (at ECF No. 20) and issued an Order and Report and Recommendation allowing certain claims to proceed and recommending that certain claims (under "Claim 1") be dismissed under *Heck*. ECF No. 22. Plaintiff objected and argued that *Heck* did not bar those claims. ECF No. 31. Based on the representations in Plaintiff's objections (which were not alleged in Plaintiff's second amended complaint), this Court will withdraw its prior Order and Report and Recommendation (ECF No. 22) and allow Plaintiff to file a third amended complaint.

## I. Procedural background

    Nevada inmate and pro se Plaintiff Diego Cruz-Gomez filed a complaint on March 28, 2024 and an amended complaint on April 29, 2024. ECF Nos. 1-1, 7-1. This Court screened his amended complaint (at ECF No. 7-1) and recommended that his § 1983 claims under the Fourth and Fifth Amendment be dismissed with leave to amend to allow Plaintiff to clarify whether the challenged conduct led to a conviction and, if so, whether the conviction had been set aside. ECF No. 9. This Court also recommended that the claims related to conditions of confinement be raised in a separate lawsuit. *Id*. Mr. Cruz-Gomez objected. ECF No. 13. The district judge adopted the recommendations and overruled the objections. ECF No. 19. The district judge referred Plaintiff's second amended complaint (ECF No. 20) for screening. *Id*.

    In turn, this Court screened Plaintiff's second amended complaint. ECF No. 22. The second amended complaint was divided into Claims I, II, and III, but each of those "claims" gave

rise to more than one claim for relief. This Court found that Plaintiff had sufficiently alleged claims under Claims II and III but found that Claim I was barred under *Heck*.

Claim I in Plaintiff's second amended complaint alleged that on October 21, 2022, Officer Gutierrez mislead Judge De la Garza when obtaining a warrant for his DNA. He explained that the warrant affidavit stated the DNA would be used in connection to a robbery case but was instead used in an unrelated homicide case. In addition, he alleged there was no probable cause to obtain the warrant in the first place. Lastly, he contended "Craig King, Detective Gutierrez, and Detective Vensand all conspired to violate [his] due process and obstruct justice." ECF No. 20 at 3.

This Court screened these allegations in Claim I and interpreted them as an attempt to raise two different § 1983 claims: (1) illegal search under the Fourth Amendment and (2) conspiracy to violate constitutional rights. ECF No. 22 at 4. In turn, this Court found that *Heck* barred the Fourth Amendment claim because Plaintiff was challenging the warrant that gave rise to the evidence used at his trial.[1] *Id*. at 4-5. This Court explained that *Heck* bars a civil action when the plaintiff's "criminal conviction is fundamentally inconsistent with the unlawful behavior" for which damages are sought. *Id*. Given Mr. Cruz-Gomez alleged the DNA *was used* in connection with his homicide case, this Court found the conviction would be "fundamentally inconsistent with the unlawful behavior" and recommended dismissal of the claim without leave to amend. *Id*. at 5. Lastly, this Court recommended dismissing the § 1983 conspiracy claim without leave to amend as it was contingent upon the viability of the § 1983 Fourth Amendment claim. *Id*.

Plaintiff did not file any objections and the district judge adopted this Court's Order and Report and Recommendation. ECF No. 27.

As mentioned above, Plaintiff objected (albeit late). ECF No. 31. In his objections, Plaintiff represents that the evidence used during his trial *did not* derive from the warrant he is

---

[1] In previous documents Plaintiff had represented that the DNA search led to an arrest for a homicide offense (ECF Nos. 1-1 and 7-1 at 5), that it had been used at trial (ECF No. 7-1 at 5), and that it led to his conviction (ECF No. 9 at 3).

challenging. Instead, he explains that the evidence used at trial was obtained based on a *different* warrant ("the defendants …with the help of a different judge…obtained a new warrant"). See ECF No. 31 at 1.

## II.     Analysis

Based on the representations made in Plaintiff's objections, this Court is unsure at this stage of the proceedings whether success in the Fourth Amendment § 1983 claim would necessarily imply the invalidity of his conviction. *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 643 (9th Cir. 2018) ("The critical question under Heck is a simple one: Would success on the plaintiff's § 1983 claim 'necessarily imply' that his conviction was invalid?"). That is because the evidence used at Plaintiff's trial appears to have been derived from a different warrant—not the warrant Plaintiff wishes to challenge. As explained in a recent Ninth Cricut case, "when the plaintiff's conviction could be based on activity or evidence untainted by purportedly unlawful police conduct, then [his] claims are not 'necessarily inconsistent with his conviction,' and the *Heck* bar does not apply." *Mayfield v. City of Mesa*, 131 F.4th 1100, 1108 (9th Cir. 2025). While the evidence adduced in this case might support a *Heck* bar at some future point, this Court cannot make that determination based on these allegations.

Given the Fourth Amendment claim may not necessarily be barred, it is also possible for Plaintiff to assert a § 1983 claim for conspiracy to violate his Fourth Amendment rights.

As a result, this Court will withdraw its Report and Recommendation and allow Plaintiff to amend his complaint.

## III.     Instructions for amendment

Plaintiff is advised that if he files a third amended complaint, the second amended complaint (ECF No. 20) no longer serves any function in this case. As such, the third amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete. Failure to comply with this order will result in a recommendation that this case be dismissed.

Importantly, the reason this Court withdraws its Order and Report and Recommendation is due to the information found in Plaintiff's objections at ECF No. 31. As such, Claim 1 in Plaintiff's third amended complaint must include (1) the alleged facts supporting the purported illegality of the search and (2) *that the search warrant he is challenging is not the search warrant giving rise to the evidence used against him at trial resulting in his conviction.*

This Court also remind Plaintiff of the elements to establish a § 1983 conspiracy claim:

> "[A] plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights." *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002). In addition, a plaintiff must show that an "actual deprivation of his constitutional rights resulted from the alleged conspiracy." *Hart v. Parks*, 450 F.3d 1059, 1071–72 (9th Cir. 2006) (quoting *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989)).

ECF No. 20 at 4. Plaintiff should look carefully at the elements of a conspiracy claim in order to properly plead them in his third amended complaint.

Claims 2 and 3 have already survived screening. Thus, in Plaintiff's third amended complaint he may simply re-allege the facts of those two claims as they appear in his second amended complaint.

### IV.    Conclusion

**IT IS ORDERED** that this Court's Order and Report and Recommendation (ECF No. 22) is **VACATED.**

**IT IS RECOMMENDED** that the district court **VACATE** its Order (ECF No. 27) adopting this vacated Order and Report and Recommendation (ECF No. 22).

**IT IS FURTHER RECOMMENDED** that Plaintiff be **GRANTED leave to amend** consistent with this decision and that a **deadline of July 23, 2025** be imposed.

**IT IS FURTHER RECOMMENDED** that the district court **refer the third amended complaint for screening**.

**IT IS FURTHER RECOMMENDED** that the current objections (ECF No. 31) to this Court's Order and Report and Recommendation (ECF No. 22) be **OVERRULED as moot**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motions to extend deadlines for objections (ECF Nos. 29 and 30) be **DENIED as moot**.

### ORDER ADOPTING REPORT AND RECOMMENDATION

The deadline for any party to object to this recommendation was July 7, 2025, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 37] is ADOPTED** in its entirety; this court's Order at **ECF No. 27 is VACATED**; plaintiff's objections to the prior report and recommendation **[ECF No. 31] are OVERRULED** as moot; plaintiff's motions to extend deadlines **[ECF Nos. 29, 30] are DENIED** as moot; and **plaintiff has LEAVE TO FILE A THIRD AMENDED COMPLAINT by July 23, 2025**, consistent with the instructions in the above report and recommendation. That third amended complaint will be screened, and screening may take several months.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: July 11, 2025