**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Diego Cruz-Gomez,

    Plaintiff

v.

Kevin McMahill, et al.,

    Defendants

Case No.: 2:24-cv-00617-JAD-BNW

**Order Denying Defendants' Motion to Dismiss Second Amended Complaint**

[ECF No. 41]

    Pro se plaintiff Diego Cruz-Gomez sues various Las Vegas Metropolitan Police Department employees for violating his constitutional rights when two detectives conspired to execute a warrant for his DNA based on "deliberately fabricated testimony," coerced a confession without reading him his Miranda rights, and fabricated evidence to make it appear that he was read his rights before he made inculpatory statements to the police. Cruz-Gomez's complaints were screened by the magistrate judge and his second-amended complaint was served on the defendants. But after service, the magistrate judge recommended that Cruz-Gomez be permitted to file a third-amended complaint, and this court adopted that recommendation and ordered Cruz-Gomez to file his new complaint by July 23, 2025.[1] Cruz-Gomez's third-amended complaint was received by the court on July 24, 2025.[2]

    Nevertheless, on July 29, 2025, the defendants filed a motion to dismiss Cruz-Gomez's second-amended complaint.[3] They only briefly address Cruz-Gomez's third-amended complaint

---

[1] ECF Nos. 37, 39.

[2] ECF No. 40.

[3] ECF No. 41.

by arguing that he "did not file a Third Amended Complaint before the July 23, 2025, deadline. Therefore, [Cruz-Gomez's second-amended complaint] remains the operative complaint."[4]

The defendants' cursory conclusion that the third-amended complaint is inoperative is unsupported and not well taken. This court granted Cruz-Gomez leave to amend and directed him to file a third-amended complaint. In that order, the court reminded him that "if he files a third amended complaint, the second-amended complaint no longer serves any function in this case."[5] Cruz-Gomez is incarcerated, and thus not in direct control of his filings. He dated his third-amended complaint June 30, 2025, and it was file-stamped by this court one day after the deadline. If the defendants believed that the third-amended complaint was inoperative because it was delivered after the deadline, the proper course of action would be to move to dismiss or strike the new complaint on that basis, not to simply ignore its existence.

I find that good cause exists to excuse the one-day delay and consider Cruz-Gomez's third-amended complaint as the operative one in this case. The court ordered Cruz-Gomez to file that amended pleading, and the defendants have not sufficiently shown that his minor delay should render that complaint inoperative. So I deny the defendants' motion to dismiss the second-amended complaint because that pleading no longer serves any function in this case. The defendants must file an answer or other responsive pleading to the operative, third-amended complaint by Wednesday, January 7, 2026. And because several versions of Cruz-Gomez's complaint have been screened and the defendants have now appeared, this case is no longer referred for screening and I place it on the normal litigation track.

---

[4] *Id.* at 4.

[5] ECF No. 39 at 3.

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' motion to dismiss the second-amended complaint **[ECF No. 41] is DENIED**. The third-amended complaint (ECF No. 40) is the operative complaint in this case. **The defendants must file an answer or other responsive pleading to the operative complaint by Wednesday, January 7, 2026**.

IT IS FURTHER ORDERED that the third-amended complaint is NO LONGER REFERRED to the magistrate judge for screening. This case will now proceed on the normal litigation track.

_____
U.S. District Judge Jennifer A. Dorsey
December 17, 2025