**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Diego Cruz-Gomez, Plaintiff v. Kevin McMahill, et al., Defendants | Case No.: 2:24-cv-00617-JAD-BNW<br>**Order Granting Motion for Partial Dismissal**<br>[ECF No. 41] |

Pro se plaintiff Diego Cruz-Gomez sues various Las Vegas Metropolitan Police Department employees for violating his constitutional rights when two detectives conspired to execute a warrant for his DNA based on "deliberately fabricated testimony," coerced a confession without reading him his Miranda rights, and fabricated evidence to make it appear that he was read his rights before he made inculpatory statements to the police. The defendants move to dismiss two of Cruz-Gomez's three claims, arguing that they are barred by the Supreme Court case *Heck v. Humphrey*[1] because they would necessarily imply the invalidity of his conviction that stemmed from the defendants' conduct. Cruz-Gomez contends that *Heck* doesn't apply because none of the evidence that was used to secure his conviction was based on the unconstitutional conduct he alleges.

I grant the defendants' motion to dismiss. Cruz-Gomez's coerced-confession and fabrication-of-evidence claims, if successful, would cast doubt on the validity of his conviction, so they are barred under *Heck*. Cruz-Gomez has been given several chances to amend his complaint based on *Heck*, and I conclude that further leave to amend would be futile. So I

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

dismiss Cruz-Gomez's *Heck*-barred claims without prejudice and without leave to amend. This case proceeds only on his search-warrant and conspiracy claim.

**Discussion**

The Supreme Court's held in *Heck v. Humphrey* that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."[2] This bar applies to any "claim based on actions [that] would 'render a conviction or sentence invalid' where that conviction has not been reversed, expunged, or called into question . . . ."[3] When a district court dismisses claims under *Heck*, the dismissal is required to be without prejudice so that the plaintiff "may reassert his claims if he ever succeeds in invalidating his conviction."[4]

**A. Cruz-Gomez's fabrication-of-evidence claim is premature.**

Cruz-Gomez's second cause of action revolves around statements he made when the police interviewed him at the hospital while he was under arrest and being treated for a gunshot wound.[5] He claims that Detective Gutierrez failed to read him his Miranda rights and then "obtained a coerced involuntary statement."[6] As support for this claim, Cruz-Gomez alleges that Gutierrez read him his rights after he made the coerced statement and then "edited the recordings to make it appear as [though] the Miranda warnings came first, but they did not."[7] Gutierrez allegedly testified to the grand jury that he obtained Cruz-Gomez's confession, which caused

[2] *Heck*, 512 U.S. at 489–90.

[3] *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

[4] *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

[5] ECF No. 40 at 5.

[6] *Id.*

[7] *Id.*

him to be indicted.[8] He theorizes that Gutierrez's actions amount to deliberate fabrication of evidence.

"The Fourteenth Amendment prohibits the deliberate fabrication of evidence by a state official."[9] To state a claim for deliberate fabrication, a plaintiff must allege that "(1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty."[10] "[A] § 1983 plaintiff need not be convicted on the basis of the fabricated evidence to have suffered a deprivation of liberty—being criminally charged is enough."[11] But, as explained by the Supreme Court in *McDonough v. Smith*, a plaintiff cannot assert a § 1983 deliberate-fabrication claim unless and until his "criminal proceeding has ended in the defendant's favor or a resulting conviction has been invalidated within the meaning of *Heck* . . . ."[12] Only then does the statute of limitations on that claim begin to run.[13]

Cruz-Gomez's deliberate-fabrication claim is barred by *McDonough*. He alleges in his complaint that he remains incarcerated for his conviction that stemmed from Gutierrez's allegedly false testimony before the grand jury. Because the proceedings did not terminate in his favor and his conviction has not been invalidated, Cruz-Gomez cannot bring his fabricated-evidence claim now. So I dismiss Cruz-Gomez's fabricated-evidence claim without prejudice to his ability to reassert it if his conviction is overturned or otherwise invalidated.

---

[8] *Id.*

[9] *Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017) (citing *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001)).

[10] *Caldwell v. City & Cnty. of S.F.*, 889 F.3d 1105, 1115 (9th Cir. 2018) (quoting *Spencer*, 857 F.3d at 798).

[11] *Id.*

[12] *McDonough v. Smith*, 588 U.S. 109, 120 (2019) (cleaned up).

[13] *Id.*

**B. Cruz-Gomez's coerced-confession claim either fails to state a claim or it is *Heck*-barred.**

Cruz-Gomez also alleges that his post-Miranda-warning statements violated his right against self-incrimination under the Fifth Amendment.[14] He avers that Detectives Grimmett and Lomaglio interviewed him after Gutierrez did and that he "incriminated himself."[15] He alleges that the "incriminating statement was . . . suppressed yet it was still used at trial as impeachment evidence so it did not directly cause the conviction . . . ."[16]

The defendants move to dismiss this claim as *Heck*-barred. They argue that, even if the statement was used solely as impeachment evidence to impugn the defendant's credibility, this claim nevertheless implies the invalidity of Cruz-Gomez's conviction because "[t]he credibility of a criminal defendant is often critical to the outcome of [his] criminal case."[17] In response, Cruz-Gomez reversed course, saying instead that the coerced confession wasn't used at trial. He explains that he meant that "it could have been used at trial" and that it is impossible for the confession to have been used at trial because he "never testified on his own behalf [and] therefore was never impeached as a witness."[18]

Cruz-Gomez's contradictory statements make it impossible to determine whether his incriminating statements were used against him at trial. But either way, his allegations can only lead to dismissal. If his statements were used as impeachment evidence at trial, then his claim is *Heck*-barred. Cruz-Gomez contends that his confession was involuntary, emphasizing that he

---

[14] ECF No. 40 at 6.

[15] *Id.*

[16] *Id.*

[17] ECF No. 48 at 11.

[18] ECF No. 52 at 8.

gave incriminating statements while he was "receiving medical treatment for a gunshot wound, and was under the influence and incoherent throughout the whole interview."[19] If that coerced confession was used as impeachment against him at trial, success on this claim would necessarily invalidate his conviction. Involuntary statements must be "excluded for all purposes," including impeachment.[20] Indeed, in *Henry v. Kernan*, the Ninth Circuit invalidated a state conviction because prosecutors used the defendant's involuntary confession as impeachment evidence in violation of his Fifth Amendment rights.[21] Success on his coerced-confession claim would thus render his state conviction invalid, making it *Heck*-barred.

If I credit Cruz-Gomez's response arguments that his statements weren't actually used to impeach him at trial because he didn't testify, then he cannot state a claim for the violation of his right against self-incrimination. "Only after a compelled incriminating statement is used in a criminal proceeding has an accused suffered the requisite constitutional injury for purposes of a § 1983 action" under the Fifth Amendment's self-incrimination clause.[22] And the introduction of statements that are not incriminatory do not implicate that clause.[23] Because Cruz-Gomez's coerced-confession claim is either barred by *Heck* or fails to state a claim, I dismiss it.

---

[19] ECF No. 40 at 6.

[20] *Pollard v. Galaza*, 290 F.3d 1030, 1033 (9th Cir. 2002); *New Jersey v. Potash*, 440 U.S. 450, 459 (1979) (recognizing that "*any* criminal trial use against a defendant of his *involuntary* statement is a denial of due process of law" (quoting *Mincey v. Arizona*, 437 U.S. 385, 398 (1978))).

[21] *Henry v. Kernan*, 197 F.3d 1021, 1029 (9th Cir. 1999).

[22] *Chavez v. Robinson*, 12 F.4th 978, 989 (9th Cir. 2021) (cleaned up).

[23] *United States v. Oriho*, 969 F.3d 917, 924 (9th Cir. 2020) ("The Fifth Amendment privilege against self-incrimination 'applies only when the accused is compelled to make a testimonial communication that is incriminating.'" (quoting *Fisher v. United States*, 425 U.S. 391, 408 (1976)) (cleaned up)).

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' motion to dismiss Claims 2 and 3 **[ECF No. 41] is GRANTED**. Those claims are **DISMISSED** without prejudice. This case proceeds only on Claim 1, which is Cruz-Gomez's search-warrant and conspiracy claim.

U.S. District Judge Jennifer A. Dorsey
September 25, 2026